# SUPREME JUDICIAL COURT

### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1846, AT TAUNTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY, }

## Harvey Weston, Appellant.

A. and B., partners in trade, after signing their individual names, as sureties, to a note given by C. to D., took advantage of the insolvent laws, and their joint and separate estates were assigned for the benefit of their creditors. *Held*, that D. was entitled to prove his note as a debt against the separate estates of the sureties.

This was an appeal from a decree of a master in chancery. The appellant set forth the following facts:

On the 17th of June 1846, Isaac B. Rich and Isaac Tribble of Plymouth, partners in trade, petitioned a master in chancery for the benefit of the insolvent laws, and a warrant was issued by the master. An assignee of their estates, joint and separate, was chosen by their creditors. The appellant offered for proof, against the separate estate of each of said insolvent debtors, the following note of hand: " Plymouth, May

27th 1843.   For value received, we, Isaac Barnes, principal, Isaac B. Rich and Isaac Tribble, sureties, promise to pay Harvey Weston, or order, four hundred and fifty dollars, on demand, with interest.

Isaac Barnes,
Isaac Tribble,
Isaac B. Rich."

The master ordered and decreed that said note be proved against the partnership estate, and not against the separate estate of said insolvent debtors.

It was agreed by the appellant and the assignee of said insolvent debtors, " that said Tribble and Rich, though partners in business, never entered into any articles of partnership, nor agreed upon any certain style of partnership : That notes relating to their partnership business were sometimes signed by their individual names, and at other times by the style of Isaac B. Rich & Co. : That there is no evidence that said Weston, the appellant, ever knew that they ever signed their individual names for partnership debts : That there is no joint property or estate of the three signers of the note ; but there is joint or partnership property of the two sureties, and also separate estate of the two sureties : That said Barnes, the principal in said note, occasionally indorsed the partnership paper of said Rich and Tribble, and said Rich and Tribble occasionally indorsed the paper of said Barnes ; and that the said note was for the sole use and benefit of said Isaac Barnes."

This case was submitted to the court without argument.

BY THE COURT.   As the sureties signed their individual names to the note, and there is no evidence that they meant to act in their partnership capacity, the legal result is, that they bound themselves individually, and not as partners. The master, therefore, should have allowed the note to be proved against their separate estates; and the case must be remitted to him, with directions to allow it to be so proved, according to the appellant's petition.